JOURNAL ENTRY AND OPINION
This is an appeal from the judgment of the trial court which, upon a re-sentence instruction, sentenced the defendant to a total of seven years incarceration. For the reasons set forth below, we affirm in part and remand in part.
Defendant Raymond Mallet was convicted of felonious assault in violation of R.C. 2903.11; improperly discharging a firearm at or into a habitation in violation of R.C. 2923.161; and having a weapon under a disability in violation of 2923.13. The first two counts carried firearm specifications. The appellant was sentenced to a total of eight years incarceration as follows: three-year terms of incarceration on each of counts one and two, to be served consecutively; a one-year term of incarceration was imposed for each firearm specification, also to be served consecutively; and, a one-year term of incarceration on count three, to be served concurrently to the first two counts. An appeal was thereafter made upon which this court found the imposition of two years consecutive on each firearm specification to be contrary to law and remanded the case for re-sentencing. On remand, the trial court sentenced the defendant to three years on Count One with a one year consecutive sentence for the firearm specification; three years on Count Two to run consecutively to Count One; and one year on Count Three to run concurrently with Counts One and Two. It is from this sentence that the defendant now appeals. Additional facts are set forth in State v. Mallet 2000 Ohio App. LEXIS 3763. (Mallet I). The defendant asserts two assignments of error for our review.
 I. THE COURT ERRED IN FAILING TO COMPLY WITH THE REQUIREMENTS OF R.C. 2929.12, 2929.14, and 2929.19 IN IMPOSING CONSECUTIVE SENTENCES.
Within this assignment of error, the defendant asserts that the trial court failed to make the required specific findings on the record necessary to impose consecutive sentences; that the trial court failed to notify the defendant of the consequences of committing any offense while serving the prison term; and that the court failed to notify the defendant that there will be a period of control upon release.
We first address the issue of whether the court failed to make the required findings on the record to impose a consecutive sentence. R.C.2929.14(E) (4) provides in pertinent part:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the of fender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Under R.C. 2929.19(B) (2) (c), if the trial court imposes consecutive sentences, it must make a finding on the record that gives its reason for imposing consecutive sentences. State v. Nichols, 2000 Ohio App. LEXIS 767 (March 2, 2000), Cuyahoga App. No. 75605, 75606, unreported; State v. Parker, 1999 Ohio App. LEXIS 5913 (Dec. 9, 1999), Cuyahoga App. Nos. 75117, 75118, unreported. It is not enough that the record before the trial court adequately supports the imposition of consecutive sentences. State v. Cardona, 1999 Ohio App. LEXIS 6064 (Dec. 16, 1999), Cuyahoga App. No. 75556, unreported. Rather, the record must confirm that the trial court's decision-making process included all of the statutorily required sentencing considerations. See Cardona; Nichols, supra, citing State v. Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131. The trial court need not use the exact words of the statute, however, it must be clear from the record that the trial court made the required findings. State v. Garrett, 1999 Ohio App. LEXIS 4083 (Sept. 2, 1999), Cuyahoga App. No. 74759, unreported.
In the case sub judice, the trial judge made the requisite findings on the record in accordance with R.C. 2929.19 and R.C. 2929.14. Specifically, the court found:
 * * * This was a situation where you made threats that you would use a gun to harm them, and then followed through * * *
 * * * that's not the kind of behavior that we can accept in our society. It's the kind of behavior that, I think, puts people at risk and in great fear, and it was for that reason, the nature of these offenses and the kind of behavior exhibited, that I thought that consecutive sentences were appropriate. I though [sic] then and I think now that such sentences are necessary to protect the public from future crime. [Emphasis added]
In determining that the consecutive sentences are not disproportionate to the seriousness of the defendant's conduct the court underscored the particular facts in this case, stating:
 The law requires me to determine whether or not these sentences are disproportionate to the seriousness of your conduct and the danger that was posed to the public, and I don't believe that they are. * * * Again, shooting a gun into an inhabited residential property without warning other than you're going to do it, where they have no opportunity to protect themselves from the gunfire * * *
[Emphasis added]
The hearing record cited above clearly indicates that the court properly considered all relevant factors as dictated by statute in imposing consecutive sentences.
We next address the defendant's assertion that the trial court failed to notify the defendant of the consequences of committing any offense while serving his prison term. R.C. 2929.19 states in relevant part:
 (3) * * * if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
 * * * (b) Notify the offender that, as part of the sentence, the parole board may extend the stated prison term for certain violations of prison rules for up to one-half of the stated prison term;
R.C. 2943.032 which outlines Parole Boards' authority to extend a stated prison term for certain violations of prison rules was held unconstitutional by the Ohio Supreme Court as a violation of the doctrine of the separation of powers. State ex rel. Bray v. Russell, (2000),89 Ohio St.3d 132, syllabus. The Court determined that the bad time statute set up a scheme whereby the Parole Board acted as judge, prosecutor, and jury, for an action that could be prosecuted as a felony in a court of law and that trying, convicting, and sentencing inmates for crimes committed while in prison is not an appropriate exercise of executive power. The Supreme Court further noted that if an offense was serious enough to constitute an additional crime, and the prison authorities did not feel that administrative sanctions were sufficient (i.e., isolation, loss of privileges), the prison authorities should bring additional charges in a court of law. The decision of the Supreme Court to find R.C. 2943.02 unconstitutional, renders the lack of notification of such provision moot.
Lastly, we address the defendant's assertion that the trial court failed to notify the defendant that he would be subject to post-release control provision of R.C. 2967.28. Pursuant to R.C. 2929.19 (B):
 3) * * * if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
 * * * (c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree or second degree * * *
A trial court must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the sentence. Woods v. Telb (2000), 89 Ohio St.3d 504, paragraph two of the syllabus. In this case, the appellee concedes that the defendant was not notified of the post-release control sanction. As such, the case is remanded for re-sentencing consistent with this opinion.
 II. THE COURT ERRED IN FAILING TO COMPLY WITH THE REQUIREMENTS OF R.C. 2929.12, R.C. 2929.14 AND R.C. 2929.19 IN SENTENCING APPELLANT TO MORE THAN THE MINIMUM SENTENCE ON COUNT TWO OF THE INDICTMENT.
The defendant's second assignment of error is without merit. Pursuant to R.C. 2903.11 (A)(2), felonious assault is a felony of the second degree. As such, for a felony of the second degree, the prison term shall a term of between two and eight years. R.C. 2929.14. The court shall impose the shortest prison term authorized for the offense if the offender previously has not served a prison term. R.C. 2929.14 (B). [Emphasis added].
In his brief, while the defendant does not explicitly so state, he would have this court believe that he has never previously served a prison term. The record of the re-sentencing hearing, however, clearly states otherwise. The defense attorney explicitly stated that the defendant was previously incarcerated. (T.5) Moreover, a pre-sentence investigation was conducted and this court will presume that the trial court reviewed the report of that investigation. The pre-sentence investigation and report would have revealed the defendant's extensive criminal background and record of incarceration.
Therefore, R.C. 2929.14 (B) requiring the minimum sentence to be imposed does not apply to this defendant who had previously served a prison term. The three year sentence imposed on Count Two is affirmed.
Judgment affirmed in part and remanded for re-sentencing in accordance with this decision.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., AND JAMES J. SWEENEY, J., CONCUR.